UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUE COSTELLO,
                        Plaintiff,

              -against-

PARAMOUNT GLOBAL, INC.,
                        Defendant.
------------------------------------------------------------X

23 Civ. 1553 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

    Pro se Plaintiff Sue Costello ("Plaintiff") brings this action against Defendant Paramount Global, Inc., f/k/a CBS Corporation ("Defendant"), alleging causes of action for breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with a business relationship, constructive fraud, fraudulent inducement, malicious intent to cause emotional and financial distress, and discrimination on the basis of sex. Defendant moves to compel arbitration of these claims pursuant to an agreement between the parties. For the following reasons, Defendant's motion is granted.

**I.    BACKGROUND**

    The following facts are taken from the Complaint and the parties' submissions on this motion. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (stating that, in deciding arbitrability, the court considers "all relevant, admissible evidence" in the pleadings and from discovery). [1]

    Throughout 2017, Plaintiff met with CBS executives to discuss her idea for a television series pilot. These discussions culminated in an offer by Defendant for Plaintiff to write the script. On June 22, 2018, Defendant emailed Plaintiff a draft of a proposed agreement, along

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

with CBS Studios' standard General Provisions, which the proposed agreement incorporated. The General Provisions include an arbitration clause requiring that "any and all controversies, claims or disputes arising out of or related to [the] Agreement or the interpretation, performance or breach thereof, including, but not limited to, alleged violations of state or federal statutory or common law rights or duties, . . . will be resolved" through final and binding arbitration. On June 29, 2018, Plaintiff and Defendant entered into the agreement (the "Agreement").

Plaintiff received the first payment upon signing the contract, but never delivered a script to CBS. During the fall of 2018, Plaintiff's relationship with Defendant deteriorated. The Complaint links this fallout to the sexual harassment scandal that emerged around CBS's then-CEO, Les Moonves, for which Plaintiff was eventually interviewed by the New York Attorney General's Office.

**II.     STANDARD**

In deciding a motion to compel arbitration, courts apply a "standard similar to the one applicable to a motion for summary judgment." *Starke v. SquareTrade, Inc.*, 913 F.3d 279, 281 n.1 (2d Cir. 2019). Courts must consider "all relevant, admissible evidence submitted by the parties" and must draw "all reasonable inferences in favor of the non-moving party." *Id.*

The Federal Arbitration Act ("FAA") "embodies a national policy favoring arbitration." *Doctor's Assocs., Inc. v. Alemayehu*, 934 F.3d 245, 250 (2d Cir. 2019). The "purpose underlying arbitration [is] to provide parties with efficient dispute resolution, thereby obviating the need for protracted litigation." *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 378 (2d Cir. 2023). In light of this purpose, "any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298 (2010); *accord WTA Tour, Inc. v. Super Slam Ltd.*, 339 F. Supp. 3d 390, 399

(S.D.N.Y. 2018).  However, "a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute."  *Granite Rock Co.*, 561 U.S. at 297.  In other words, "[t]he threshold question facing any court considering a motion to compel arbitration is whether the parties have . . . agreed to arbitrate."  *Alemayehu*, 934 F.3d at 250.  Where they have, "a court must hold a party to its arbitration contract just as the court would to any other kind."  *Morgan v. Sundance*, 596 U.S. 411, 418 (2022).

### III.  DISCUSSION[2]

#### A. Arbitrability

"The Second Circuit has established a two-part test for determining arbitrability of claims not involving federal statutes: (1) whether the parties agreed to arbitrate disputes at all; and (2) whether the dispute at issue comes within the scope of the arbitration agreement."  *ACE Cap. Re Overseas Ltd. v. Cent. United Life Ins. Co.*, 307 F.3d 24, 28 (2d Cir. 2002); *accord Auad Servs., LLC v. Publishers Circulation Fulfillment, Inc.*, No. 21 Civ. 10219, 2022 WL 7152450, at *2 (S.D.N.Y. Sept. 21, 2022).  "[T]he party seeking to compel arbitration has the burden of demonstrating by a preponderance of the evidence the existence of an agreement to arbitrate."  *Levy v. Credit Plus, Inc.*, No. 21 Civ. 5541, 2023 WL 2644352, at *6 (S.D.N.Y. Mar. 27, 2023).

---

[2] A court must have subject matter jurisdiction over a dispute before adjudicating its arbitrability or ruling on a motion to compel arbitration.  *Branch of Citibank, N.A. v. De Nevares*, 74 F.4th 8, 21-22 (2d Cir. 2023).  Here, the Complaint provides a sufficient basis for the Court's exercise of diversity jurisdiction.  *See* 28 U.S.C. § 1332.  The Complaint alleges, and Defendant does not dispute, that the parties are diverse.  The Complaint, liberally construed, alleges damages of $66,000 (the additional amount Plaintiff would have been paid under the Agreement) plus an amount in excess of $9,000 on the cause of action that asserts intentional infliction of emotional distress.  *See Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023) ("[P]ro se submissions are reviewed with special solicitude and must be construed liberally and interpreted to raise the strongest arguments that they suggest.").  This is sufficient to meet the amount-in-controversy requirement.

The first prong of the test is satisfied because the parties agree that they entered into the Agreement, which contains a compulsory arbitration provision. Defendant asserts that Plaintiff signed a valid and binding arbitration agreement, which is attached to the Complaint. Plaintiff concurs in the Complaint, alleging that "[t]he Agreement is a valid and enforceable cont[r]act between Plaintiff and Defendant." This is sufficient to demonstrate the parties entered into the Agreement. The Agreement incorporates by reference the General Provisions, which include an arbitration clause.

The second prong of the test is satisfied because the Complaint asserts claims that are within the scope of the arbitration agreement. The Agreement's arbitration provision broadly covers "any and all controversies, claims or disputes arising out of or related to [the] Agreement . . . ." *See Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995) (noting that the phrase "any claim or controversy arising out of or relating to the agreement" is "the paradigm of a broad clause"); *accord SingularDTV GmbH v. LeBeau*, No. 21 Civ. 10130, 2022 WL 6771081, at *5 (S.D.N.Y. Oct. 11, 2022). The Complaint asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with contract, constructive fraud, fraudulent inducement, malicious intent to cause emotional and financial distress, and sex discrimination. All of these claims arise out of or are related to the Agreement, as they implicate Defendant's alleged obligations under the Agreement or the purportedly unscrupulous practices that Defendant engaged in during the formation and execution of the Agreement. Because the parties agreed to arbitrate their disputes and because the claims raised in this lawsuit are within the scope of the parties' arbitration agreement, the claims here must be arbitrated.

## B. Special Circumstances

Notwithstanding the arbitrability of her claims, Plaintiff argues that she should not be bound by the arbitration agreement. Plaintiff's argument is that the Agreement is void because Defendant "intentionally intimidated, deceived and coerced the Plaintiff into signing the contract, with the intention of asking her to break the law, make false allegations and take a bribe" related to the sexual harassment investigation into Les Moonves. She alleges that "[f]ailure by the Defendant to perform and comply with the contractual terms of the agreement" is proof of Defendant's fraudulent conduct. Plaintiff also avers that the arbitration clause is procedurally and substantively unconscionable and invalid on those grounds.

"Whether one can be bound by an arbitration clause is usually determined by looking at generally accepted principles of contract law." *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004) (collecting cases); *Levy*, 2023 WL 2644352, at *6. Pursuant to these principles, "a party is bound by an arbitration clause in a contract [that he signs], unless he can show special circumstances that would relieve him of such an obligation." *David L. Threlkeld & Co. v. Metallgesellschaft Ltd. (London)*, 923 F.2d 245, 249 (2d Cir. 1991); *accord Lebovits v. Cavalry Portfolio Servs., LLC*, No. 20 Civ. 1116, 2021 WL 1198967, at *5 (S.D.N.Y. Mar. 29, 2021). Special circumstances may include duress or coercion. *See Fenton v. Criterion Worldwide*, No. 18 Civ. 10224, 2020 WL 1489795, at *6 (S.D.N.Y. Mar. 27, 2020); *Levy*, 2023 WL 2644352, at *6. In the context of evaluating whether "special circumstances" sufficient to warrant relief from an arbitration agreement exist, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000).

1. **Fraud, Coercion and Duress**

The argument that the arbitration provision is unenforceable because the Agreement was procured by fraud, coercion and duress is itself subject to mandatory arbitration and does not defeat the agreement to arbitrate.  "[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010); *accord Cohen v. Westlake Flooring Servs. Inc.*, No. 22 Civ. 7182, 2023 WL 2971772, at *2 (S.D.N.Y. Apr. 17, 2023).  However, "[i]t is well settled that a claim or defense of fraudulent inducement, when it challenges generally the enforceability of a contract containing an arbitration clause rather than specifically the arbitration clause itself, may be subject to arbitration." *ACE Cap. Re Overseas Ltd.*, 307 F.3d at 29; *accord Catz v. Precision Glob. Consulting*, No. 19 Civ. 7499, 2021 WL 1600097, at *8 (S.D.N.Y. Apr. 23, 2021).  Where a party argues that the contract as a whole -- and not just the arbitration provision -- was the product of fraudulent inducement, or asserts another defense that would make the contract voidable, then those issues must be arbitrated. *ACE Cap. Re Overseas Ltd.*, 307 F.3d at 29; *accord Silent Gliss Inc. v. Silent Gliss Int'l Ltd.*, No. 22 Civ. 522, 2023 WL 1863362, at *3 (E.D.N.Y. Feb. 9, 2023).

Plaintiff argues that "Defendant intentionally intimidated, deceived and coerced the Plaintiff into signing the contract" as a whole and not the arbitration provision specifically.  The arbitration provision broadly covers "any and all controversies, claims or disputes arising out of or related to [the] Agreement . . . ."  Pursuant to this provision, whether the Agreement is void because of fraud, coercion or duress must be resolved in arbitration.

6

## 2. Unconscionability

The arbitration provision is not unenforceable because of unconscionability. "In general, a provision will be deemed unenforceable on unconscionability grounds only where it is both procedurally and substantively unconscionable when made." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 208 (2d Cir. 2018) (New York law). "In other words, a contract or clause is unconscionable when there is an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Id.*

The record does not support a finding of either procedural or substantive unconscionability. Nothing in the parties' submissions demonstrates an "absence of meaningful choice" in Plaintiff's decision to enter the Agreement. Even to the degree that Defendant presented the Agreement on a take-it-or-leave-it basis, Plaintiff was not without discretion over whether to accept the terms. *See Ragone*, 595 F.3d at 121 ("[T]he FAA certainly does not preclude the enforcement of employment contracts which make employment conditional upon an employee's acceptance of mandatory arbitration."); *accord Gilbert v. Indeed, Inc.*, 513 F. Supp. 3d 374, 409 (S.D.N.Y. 2021) ("A 'take it or leave it' contract does not render an arbitration clause unconscionable."). The Complaint describes Plaintiff's consultations with an attorney to protect her idea and prepare a letter of protection. Though Plaintiff ultimately opted not to work with an attorney once she received an offer from Defendant, instead deciding "to negotiate the deal herself," she was not prevented from consulting an attorney and affirmatively decided not to. *See, e.g., Reeves v. Safeguard Props. Mgmt., LLC*, No. 19 Civ. 10210, 2021 WL 2403538, at *5 (S.D.N.Y. June 10, 2021) (holding that procedural unconscionability may exist in a contract where a party is "prevented from consulting an attorney before signing it"); *Lang v. Barclays Servs. Corp.*, No. 17 Civ. 8094, 2019 WL 13368588, at *6 (S.D.N.Y. Mar. 19, 2019) (rejecting a

claim of procedural unconscionability where plaintiff was not "dissuaded from consulting an attorney").

Nor is the Agreement substantively unconscionable. The terms are not "grossly unreasonable" or "outrageous" as they bind both parties to the same requirement -- dispute resolution via arbitration. *See McDougall v. Samsung Elecs. Am., Inc.*, No. 23 Civ. 168, 2023 WL 6445838, at *6 (S.D.N.Y. Oct. 3, 2023). Because the Agreement is neither procedurally nor substantively unconscionable, it may not be invalidated on unconscionability grounds.

### 3.  Ending Forced Arbitration Act

Plaintiff's argument that the arbitration clause of the Agreement is invalid under the recently enacted Ending Forced Arbitration Act ("EFAA") is also unpersuasive. The EFAA applies to claims that accrued on or after March 3, 2022, the date of its enactment; it does not apply retroactively. *See* Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, Pub. L. No. 117-90, § 3 ("This Act . . . shall apply with respect to any dispute or claim that arises or accrues on or after the date of enactment of this Act."); *accord Delo v. Paul Taylor Dance Found., Inc.*, No. 22 Civ. 9416, 2023 WL 4883337, at *4 (S.D.N.Y. Aug. 1, 2023). As the events at issue here occurred prior to March 3, 2022, the resulting claims are not subject to the EFAA.

The EFAA's non-retroactivity is sufficient to render the statute immaterial to this matter. Even if the EFAA did apply, it would not change the outcome here. The EFAA provides that "at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, . . . no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C. § 402(a). By its terms, the statute is limited

to claims alleging sexual harassment or sexual assault. A complaint must plead a viable sexual harassment or sexual assault claim in order for the EFAA to invalidate a contested arbitration agreement. *See Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 585 (S.D.N.Y. 2023) (holding that "the EFAA [is] inapplicable where there has not been an allegation that such conduct violated a law prohibiting sexual harassment").

A claim of sexual harassment in the workplace can be based on two theories, quid pro quo harassment or a hostile work environment. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986); *Delo*, 2023 WL 4883337, at *4. The Complaint here -- including Count VII, the sex discrimination claim -- does not assert a claim, or facts that would support a claim, for either theory of sexual harassment or for sexual assault. To the contrary, the Complaint describes an "investigation into allegations of sexual misconduct at CBS," but makes clear that Plaintiff vigorously resisted investigators' efforts to link her claim of theft of intellectual property to "their #MeToo narrative."

Plaintiff's appeal to The Forced Arbitration Injustice Repeal Act currently pending before the Senate is also unavailing. That bill has not been passed by either house of Congress, nor has it been signed by the President, prerequisites to enacting a statute. *See* Forced Arbitration Injustice Repeal Act, S. 1376, 118th Cong. (2023). The consideration of proposed legislation by the Senate is not enough to confer it with the status of law.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to compel arbitration of Plaintiff's claims is **GRANTED**, and the case is **STAYED**.

It is further **ORDERED** that the parties shall submit a joint letter regarding the status of the arbitration every sixty days, with the first submission due on **April 2, 2024.** The parties shall

inform the Court promptly of any resolution of the arbitration proceedings or any other event that would affect the stay of this matter.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 20.

Dated: February 1, 2024
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE