**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

SUE COSTELLO                                    Civil Action No. 1:23-cv-1553-LGS

       Plaintiff

    Vs.                                              Honorable Lorna G. Schofield

PARAMOUNT GLOBAL
    Defendant

## NOTICE OF MOTION TO REARGUE

PLEASE TAKE NOTICE THAT, on February 13th 2024, Plaintiff respectfully moves

this Court to reargue, under Rule 500.24, the Defendant's prior motion to Arbitrate and

seeks an Order to vacate the Court's Opinion and Order entered on 2/2/2024 By The

Honorable Judge Lorna Schofield, which compels the Plaintiff and Defendant to arbitrate

and issue a new order denying the prior motion to compel arbitration by Defendant:

Yehudah L. Buchweitz */s/ Yehudah L. Buchweitz*

Jeremy C. Cain

WEIL, GOTSHAL & MANGES LLP 767 Fifth Avenue

New York, NY 10153

Telephone: (212) 310-8000 Facsimile: (212) 310-8007 Yehudah.buchweitz@weil.com

Jeremy.cain@weil.com

***Attorneys for Paramount Global*** Dated: New York, New York June 14, 2023

Application DENIED.  As the Court explained in its February 1, 2024, Opinion and Order, the Ending Forced Arbitration Act ("EFAA") does not apply retroactively, and only applies to claims that accrued on or after March 3, 2022.  *See* Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, Pub. L. No. 117-90, § 3 ("This Act . . . shall apply with respect to any dispute or claim that arises or accrues on or after the date of enactment of this Act.").  The Court also explained this on the May 31, 2023, conference call with the parties.  The events at issue here all took place *before* March 3, 2022.  They are not subject to the EFAA.  The case Plaintiff cites, *Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535 (S.D.N.Y. 2023), is distinguishable because the events described there all took place *after* the EFAA was enacted.

As instructed in the February 1, 2024, Opinion and Order, by **April 2, 2024**, and every sixty days therafter, the parties shall file a joint letter on the status of the arbitration.  If the parties have not taken steps toward commencing arbitration by **June 3, 2024**, the matter may be dismissed for failure to prosecute.

The Clerk of Court is respectfully directed to close the motion at Dkt. 34.

Dated: February 15, 2024
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on February 13th 2023, true and correct copies of the foregoing

Notice of Motion to reargue, were electronically filed with the Pro Se office via email,

which will issue an electronic notification of filing to the Defendants.

Dated: New York, New York February 13th 2023


Respectfully submitted,

Sue Costello Plaintiff

120 Quincy Shore Drive Apt 4

Quincy Mass, 02171

/s/ *Sue Costello* 2/13/2024

## ARGUMENT

Plaintiff alleges sexual harassment against the Defendant (See Plaintiff's Complaint). The Federal Arbitration Act (FAA) changed law and ended forced arbitration in ALL sexual harassment and assault disputes. Therefore, the Court is in violation and should not have granted the Defendant's prior motion.

It must be stated for the record that Your Honor told the Plaintiff on a conference call, with the lawyer for Paramount present, and prior to Defendant making it's arbitration motion, that she could not argue Federal Law to oppose the motion. However, the court never issued an order preventing the Plaintiff from making that argument.

Your honor stated that Federal Law doesn't cover this case. Plaintiff took contemporaneous notes of this verbal directive by Your Honor. However, this direction is simply not true or just. The Plaintiff has subsequently learned, since opposing Paramount's motion, of the case of Johnson v. Everyrealm, 1:22-cv-06669- PAE. This case was decided by Judge PAUL ENGELMAYER, who is also a Judge in the Southern District of New York – the same court as this case. Judge Engelmayer decided the case by stating that the language of the of the FAA makes an arbitration invalid "with respect to a case which is filed under Federal, Tribal, or State law and relates to a sexual harassment dispute."

With all due respect to Your Honor and this honorable court, The Plaintiff cannot for the life her understand why the Court directed her to not argue in her Federal Case using Federal law when opposing the Defendant's prior motion.  The whole purpose of the Federal Lawsuit is to protect the Plaintiff from being forced to arbitrate. This is especially troubling when, the FAA law is clear that Paramount cannot legally force the Plaintiff to arbitrate.

In addition, there is the Johnson Case in this court that applies directly to this case and the question of whether the Court can compel the Plaintiff to arbitrate when she has alleged sexual harassment against Paramount. It's almost impossible to comprehend how the Plaintiff can be forced by the Court to go to arbitration when a Judge of the same Court ruled under what appears to be the same facts and circumstances that the arbitration clause is invalid.

It is important to also note that Paramount/CBS already has an established past of sexual harassment.  The Company has a past with further framing and abusing women in arbitration i.e. The actress Eliza Dushku was forced into arbitration with CBS and CBS tried to frame her during the arbitration, as the predator asking for sex, as opposed to her being a victim of sexual harassment. By doing this they further sexually harassed her. This is what the Defendants were doing with the Plaintiff by trying to force her to make sexual claims against Les Moonves and framing her as an assault victim looking for a payout, instead of allowing her to move forward with her contract.

The framing of Eliza Dushku did not work and instead incriminated Paramount/CBS and they ended up paying her a confidential pay out of 9.5 million dollars and hid the payout from the shareholders, Much like the Defendants are trying to do with the Plaintiff's television deal. https://deadline.com/2018/12/les-moonves-oversaw-eliza-dushku-settlement-bull-michael-weatherly-cbs-1202520620/

This payout was discovered during CBS's internal investigation, which was leaked to the NY Times. Eliza Dushku broke her NDA and went to Congress to lobby for HR 4445. The Plaintiff's states that it is dead obvious to any rational person that forced arbitration is a legalized from of an NDA and confidential payoffs are legal hush money to cover crimes.

The New York Attorney General was supposedly investigating CBS's internal investigation and Human Rights violations at CBS and they never did https://www.nytimes.com/2018/09/28/business/media/cbs-new-york-prosecutors.html. The "so-called" internal investigation must come to light, as it will demonstrate the pattern of abuse and/or harassment that Paramount has been aware of and attempted to cover up.

Additionally, the reality that the Court directed Plaintiff to refrain from making a specific legal argument when Plaintiff opposed Defendant's prior motion to compel arbitration, when by all appearances Plaintiff had a valid and compelling argument, show that something is unjust, and begs the question if the Court is being fair. This is especially true being that the Plaintiff is a Pro Se litigant and that the Court by law is supposed to make sure the rights of people who are not lawyers are protected.

Finally, here are examples of how the Defendant has sexually harassed the Plaintiff:

- "Submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment."  The Defendant tried to force the Plaintiff to make false allegations against Les Moonves in order for her television contract to move forward.

- "Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; " The Defendant blocked the Plaintiff from moving forward with her television show when she refused to break the law.

- "Such conduct has the purpose or effect of unreasonably interfering with an individual's work performance by creating an intimidating hostile or sexually offensive work environment." The Defendant continually sexually harassed the Plaintiff by framing her into their internal investigation and leaked it to the NY Times, which caused Rachel Abrams to meet with and harass the Plaintiff as if she were a sexual assault victim of Les Moonves.  The defendant also submitted false documents to the NY Attorney General's office, which led to the Plaintiff being sexually shamed, intimidated and harassed for 3 hours as if she were the Predator extorting the Defendant just like Eliza Dushku.  The Plaintiff was framed as sexual victim to advert anyone from seeing what they did with her contract. The same as they did with Eliza Dushku's payout. The Plaintiff was never allowed to enjoy the benefits of her contract.