UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUE COSTELLO,                                               :
                                                            :
                                    Plaintiff,              :    23 Civ. 1553
                                                            :
                -against-                                   :    **OPINION AND ORDER**
                                                            :
PARAMOUNT GLOBAL, INC.,                                     :
                                                            :
                                    Defendant.              :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, in a Report and Recommendation (the "Report"), dated January 14, 2025, Magistrate Judge Valerie Figueredo recommended that this case be dismissed with prejudice in its entirety for failure to prosecute.

    WHEREAS, the recommendation in the Report is based on a finding that Plaintiff had failed to commence arbitration proceedings, despite a February 1, 2024, court order to do so and despite Plaintiff's repeatedly being warned that a failure to commence arbitration would result in a dismissal of her case for failure to prosecute.

    WHEREAS, the recommendation in the Report also was based on an application of Federal Rule of Civil Procedure 41(b), which states that a court may dismiss an action if a plaintiff fails "to prosecute or to comply with . . . a court order." The Report applies the relevant factors to recommend that dismissal of the action is warranted: (1) Plaintiff has failed to comply with court orders to commence arbitration, despite her being granted multiple extensions to do so, (2) Plaintiff has been warned explicitly five times that dismissal may occur, (3) Defendant will be prejudiced by further delay, (4) the courts will be unduly burdened by further delay and (5) dismissal and not a lesser sanction is appropriate because Plaintiff's non-compliance with court

orders is not justified.  *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (listing factors); *accord Lopez v. 3662 Broadway Rest. Corp.*, No. 19 Civ. 975, 2023 WL 3847141, at *2 (S.D.N.Y. June 6, 2023).

WHEREAS, Plaintiff, proceeding pro se, timely filed several letters in response to the Report, all of which are construed as objections to the Report.  Defendant responded to Plaintiff's objections.

**Legal Principles**

WHEREAS, a reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1).  Even when exercising de novo review, "[t]he district court need not, however, specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety." *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order)[1]; *accord Bulgari v. Bulgari*, No. 22 Civ. 5072, 2024 WL 4345580, at *2 (S.D.N.Y. Sept. 30, 2024).  "When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error." *Espada v. Lee*, No. 13 Civ. 8408, 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016); *accord TCA Television Corp. v. McCollum*, No. 15 Civ. 4325, 2018 WL 2932724, at *2 (S.D.N.Y. June 12, 2018).  Similarly, where no specific written objection is made, "the district court can adopt the report without making a de novo determination." *United States*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

*v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); *accord Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 345 (S.D.N.Y. 2019) ("A district court evaluating a magistrate judge's report may adopt those portions of the report to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law.").

WHEREAS, it is well established that "pro se submissions are reviewed with special solicitude and must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023). "[P]ro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *accord McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 22 Civ. 1138, 2023 WL 5211054, at *5 (S.D.N.Y. Aug. 13, 2023).

**<u>Discussion</u>**

WHEREAS, the Report is thorough and well-reasoned. It is adopted in its entirety, and the objections are overruled.

WHEREAS, Plaintiff makes several objections (the "Objections") to the Report, the majority of which pertain to the merits of her underlying claims and attempt to relitigate the order compelling arbitration. The Objections also include allegations of bias and prejudice against Plaintiff by the Court. The Objections do not dispute that Plaintiff has not commenced arbitration but argue instead that doing so was impossible because JAMS refused to arbitrate the matter due to Plaintiff's allegations of criminal conduct. The Objections also argue that a case undergoing arbitration cannot be dismissed. As described below, the Report correctly weighs

each factor in support of its recommendation to dismiss the case. The Objections are not to the contrary.

WHEREAS, as to the first factor, the duration of Plaintiff's failure to comply, Plaintiff was first ordered to commence arbitration on February 1, 2024. Although Plaintiff was granted several extensions of time to commence arbitration, she has still not commenced the arbitration over a year later. The Objections do not dispute that Plaintiff has not commenced arbitration nor that she was ordered to do so on February 1, 2024. Instead, the Objections argue that arbitration was impossible to commence, which is discussed below in connection with the fifth factor. "There is no absolute measure by which to determine whether the delay is significant. Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Abarca v. Chapter 4 Corp.*, No. 18 Civ. 11206, 2019 WL 13221420, at *1 (S.D.N.Y. Mar. 21, 2019) (dismissing case after plaintiff failed to appear at conferences or otherwise respond over a six-week period). Here, Plaintiff's months-long delay weighs in favor of dismissal. Courts have found delays of similar lengths to weigh in favor of dismissal in various contexts, including plaintiffs' failures to initiate arbitration, to respond to discovery, to appear at conferences or to otherwise take action to advance a case. *See Yadav v. Brookhaven Nat'l Lab'y*, 487 F. App'x 671, 672-73 (2d Cir. 2012) (summary order) (affirming dismissal after three months' delay in responding to discovery requests); *accord Davis v. Lowe's Home Centers, LLC*, No. 23 Civ.5613, 2024 WL 1513681, at *2 (S.D.N.Y. Apr. 8, 2024) (holding that delay of six months warranted dismissal where plaintiff failed to appear at a conference and respond to court's orders to show cause); *Ventoso v. Shihara*, No. 19 Civ. 3589, 2022 WL 19706, at *3 (S.D.N.Y. Jan 3, 2022) (concluding that dismissal was appropriate where plaintiff refused to pursue arbitration for two and a half years); *see also Barnes v. Stop & Shop Supermarket Co.*,

No. 19 Civ. 431, 2020 WL 3100191, at *2 (S.D.N.Y. June 11, 2020) (finding that, in the Second Circuit, delays of five months or less have resulted in dismissal, and holding that delay of five months in filing briefing and pretrial order warranted dismissal).

WHEREAS, the second factor, whether Plaintiff was on notice of the possibility of dismissal, also weighs in favor of dismissal. As the Report explains, after the February 1, 2024, order required her to commence arbitration, Plaintiff was warned five times that failure to do so would result in dismissal of this case. The Objections do not dispute that Plaintiff was provided notice of the likelihood of dismissal. The orders "provide[d] clear guidance on how [Plaintiff] could avoid dismissal." *Baptiste*, 768 F.3d at 218. As a result, Plaintiff was on notice that continued non-compliance could result in the dismissal of her case.

WHEREAS, the third factor, whether Defendant is likely to be prejudiced by further delay in the proceedings, weighs in favor of dismissal. Plaintiff has not complied with the Court's orders for over a year. Further delay would prejudice Defendant. *See Seabrook v. Janssen Pharms. Inc.*, No. 20 Civ. 2005, 2022 WL 3718277, at *2 (S.D.N.Y. Aug. 29, 2022) (presuming prejudice to defendants after eight months of delay). The Objections argue that the case should have been resolved prior to the order compelling arbitration and that Plaintiff has remained willing to resolve the case. The Objections likewise argue that the order compelling arbitration was decided wrongly. This objection is beside the point, as Plaintiff is obligated to comply with Court orders regardless of Plaintiff's disagreement with those orders. "[I]t is a well-established basic proposition that all orders and judgments of courts must be complied with promptly" and that "[a]n order issued by a court must be obeyed, even if it is later shown to be erroneous." *United States v. Miller*, 626 F.3d 682, 689 (2d Cir. 2010); *accord United States v. Ventura*, 96 F.4th 496, 504 (2d Cir. 2024) (Lohier, J., concurring). After the denial of Plaintiff's

5

request for re-argument of the order compelling arbitration, she was obligated to apply promptly with that order pending appeal. *See Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, [s]he must comply promptly with the order pending appeal."); *accord Lewis v. Newburgh Hous. Auth.*, No. 11 Civ. 3194, 2024 WL 1007880, at *2 (S.D.N.Y. Mar. 8, 2024). The Objections do not argue that Plaintiff's delay has not caused prejudice to Defendant. The Report's recommendation regarding this factor is adopted.

WHEREAS, the Report found that the fourth factor, balancing the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard, weighs in favor of dismissal. The Objections argue that Plaintiff has not had a fair chance to be heard on her claims. As the Report explains, the Court cannot "bypass arbitration to review [Plaintiff's] claims." *Ventoso*, 2022 WL 19706, at *3. Plaintiff had an opportunity to oppose the enforcement of the arbitration clause and did so. The Court considered and rejected each of Plaintiff's arguments in opposition to arbitration in the February 1, 2024, opinion and order compelling arbitration. Plaintiff reiterated her arguments against arbitration in her motion for re-argument, which the Court again considered and rejected. The dismissal of this case will not prevent Plaintiff from pursuing arbitration of her claims. Because this case must be arbitrated and Plaintiff has not commenced arbitration despite being given ample opportunity to do so, this factor weighs in favor of dismissing the case and not leaving it stayed on the Court's docket indefinitely.

WHEREAS, the fifth factor, whether the Court has adequately considered a sanction less drastic than dismissal, weighs in favor of dismissal. "A lesser sanction is unlikely to persuade Plaintiff to participate as [s]he has already been informed that [her] failure to participate may

lead to the dismissal of [her] action, but [s]he has not responded." *Abarca*, 2019 WL 13221420, at *2.  As the Report explains, Plaintiff has failed to commence arbitration proceedings without any justification.  Plaintiff argues that JAMS has refused to arbitrate her claims due to the claims' concerning criminal conduct, but none of Plaintiff's claims are criminal in nature or are otherwise not arbitrable -- as has been explained in the Court's prior opinions and in the Report.  The Objections state that correspondence with JAMS is attached regarding their inability to conduct the arbitration, but no such attachments are included in the letters on the docket.

WHEREAS, the Objections argue that a court cannot dismiss a case in which the parties are arbitrating the claims.  The Supreme Court recently held that under the Federal Arbitration Act (the "FAA") a court must stay, and not dismiss, a case pending arbitration.  *Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024).  That decision is based on the purpose and text of § 3 of the FAA, which states that a court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."  9 U.S.C. § 3.  The Supreme Court explained that staying a case pending arbitration comports with the "supervisory role that the FAA envisions for the courts," including to enforce any eventual arbitration award.  *Smith*, 601 U.S. at 478.  The Court here properly stayed the action in the opinion and order compelling arbitration.  The prohibition on dismissal of cases pending arbitration is inapplicable in cases like this one where there is no arbitration pending and the reason for dismissal is a failure to prosecute.  *Id.* at 476 n.2 ("That is not to say that the court is barred from dismissing the suit if there is a separate reason to dismiss, unrelated to the fact that an issue in the case is subject to arbitration.").

**Conclusion**

For the foregoing reasons, the Report's recommendation is **ADOPTED** in full. The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to terminate this case.

Dated: March 12, 2025
      New York, New York

                                                **LORNA G. SCHOFIELD**
                                      **UNITED STATES DISTRICT JUDGE**